[Crim. No. 3378. Second Appellate District, Division One.—October 1, 1940.]

THE PEOPLE, Respondent, v. WILLIAM BOSWELL, Appellant.

Selma K. Ellner for Appellant.

Earl Warren, Attorney-General, and Gilbert F. Nelson, Deputy Attorney-General, for Respondent.

YORK, P. J.—Appellant was charged in an information filed by the district attorney of Los Angeles County with a violation of section 288 of the Penal Code. This is an appeal from the judgment of conviction which was rendered following the jury's verdict finding appellant guilty as charged.

A reversal is urged upon the ground of the insufficiency of the evidence to support the verdict, in that it was of such character that it created a "strong doubt as to the credibility of the prosecuting witness"; and furthermore that it showed the prosecuting witness had been instructed.

The prosecuting witness in this case was a boy of the age of eight years, who answered intelligently the qualifying questions put to him by the trial court before he was allowed to testify.

The child stated that during the summer school vacation of 1939 he went to the residence of a neighbor where appellant was living; that no one was at home except appellant, who was sitting in his bedroom at a table writing, and that he asked the prosecuting witness to come in and wait for the neighbor to return; that appellant was dressed in a bathrobe, and when the child entered the room appellant said "hello to me, and then he took off his bathrobe", at which time the offense here charged was committed. The child testified that he waited until the following morning when he told his father what had happened; he also said that his father was not at home on the day the offense occurred.

In an effort to fix the date of the offense, the child was asked upon cross-examination: "When did you first meet Mr. Boswell?", to which he replied: "Oh, about three months before he exposed himself. . . . Q. Do you know when this occurrence happened that you testified to here yesterday, when you say he exposed himself to you? A. No, we can't just remember the date. Q. What do you mean 'we'? A. My mother and I were trying to figure it out. Q. Have you talked this matter over quite a bit with your mother? A. Yes sir. Q. And has she told you any time of the months or anything like that concerning when this happened? A. Once in a while, sir. Q. Just what do you mean by that? A. Oh, she just talked this over with me once in a while, about certain times. Q. Did she talk it over with you before you testified on the preliminary examination of Mr. Boswell? A. Will you repeat the question? Q. Do you remember you were up in court here once before when you testified? A. Yes sir. Q. Did your mother talk it over with you before you testified then? A. Yes sir."

Upon redirect examination the following took place: "Q. Bruce, Mr. Sprague asked you a question a little while ago,

he asked you if you and your mother talked this over, and you said you did talk it over. Do you remember that? A. Yes sir. Q. Did your mother tell you what to come in here and testify to? A. Will you read that again? Q. Yes, I will repeat it in a different form. Did your mother tell you what to say here in court? A. No sir, just to tell the truth. That is all.''

The child testified without hesitation or confusion and with exceptional intelligence for one of such tender years. A review of the record indicates that he was competent to testify and that his story of the offense was neither unreasonable nor incredible. Moreover, while the boy stated he and his mother had attempted to fix the date of the occurrence, there is no evidence in the record which establishes the fact that he was coached by his mother with respect to the story which he narrated upon the witness stand.

The judgment appealed from is affirmed.

Doran, J., and White, J., concurred.